359 F.2d 846
 Lieutenant Albert Q. McGEE, Appellant,
v.
CITY OF MERIDIAN, MISSISSIPPI, Appellee.
Christine AUSTIN et al., Appellants,
v.
STATE OF MISSISSIPPI, Appellee.
Elvira GRANDISON, Appellant,
v.
STATE OF MISSISSIPPI, Appellee.
Eddie ALLEN, Appellant,
v.
STATE OF MISSISSIPPI, Appellee.
 Nos. 22104, 22172, 22876, 22741.
 United States Court of Appeals Fifth Circuit.
 April 29, 1966.
 
 R. Jess Brown, Henry M. Aronson, Alvin J. Bronstein, Jackson, Miss., Anthony G. Amsterdam, Philadelphia, Pa., Jack Greenberg, Melvyn Zarr, New York City, for appellant.
 Thomas K. Holyfield, Thomas Y. Minniece, Meridian, Miss., for appellee.
 No. 22172:
 Carsie A. Hall, Henry M. Aronson, Alvin J. Bronstein, Jackson, Miss., Anthony G. Amsterdam, Philadelphia, Pa., for appellants.
 R. L. Goza, Canton, Miss., for appellee.
 No. 22876:
 Alvin J. Bronstein, R. Jess Brown, Jackson, Miss., Anthony G. Amsterdam, Philadelphia, Pa., for appellant.
 Louis Fondren, Moss Point, Miss., for appellee.
 No. 22741:
 Alvin J. Bronstein, Jackson, Miss., Anthony G. Amsterdam, Philadelphia, Pa., for appellant.
 Joe N. Pigott, McComb, Miss., Robert S. Reeves, Magnolia, Miss., for appellee.
 Before RIVES and BELL, Circuit Judges, and FULTON, District Judge.
 PER CURIAM:
 
 
 1
 These criminal cases, removed under 28 U.S.C.A. Section 1443(1), were remanded to the state courts without evidentiary hearings. The removal petitions were sufficient in each instance under notice type pleadings to allege a basis for removal. Rachel v. State of Georgia, 5 Cir., 1965, 342 F.2d 336, Cert. granted, 382 U.S. 808, 86 S.Ct. 39, 15 L.Ed.2d 58.
 
 
 2
 The alleged denials of equal civil rights in the arresting and charging process set out in these removal petitions are no less than the allegations found adequate in Peacock v. City of Greenwood, 5 Cir., 1965,347 F.2d 679, Cert. granted, 382 U.S. 971, 86 S.Ct. 532, 15 L.Ed.2d 464. In that case we required an evidentiary hearing in the District Court to ascertain the truth of the allegations. Such hearings must be had in these cases, issue having been joined, save in McGee, No. 22104, by answers denying the allegations. A hearing must be held in McGee in the event issue is joined; otherwise he is entitled to the relief sought in his verified petition.
 
 
 3
 The Rachel and Peacock cases are pending on certiorari in the Supreme Court and the District Court is directed to stay its hand in these matters until decisions are rendered in those cases. This will afford the District Court such enlightenment as may be forthcoming from those decisions in the further handling of these matters.
 
 
 4
 Reversed and remanded with directions.